## S. GOLDISH v. ANDREW SCHOCH GROCERY COMPANY.[1]

### March 6, 1914.

### Nos. 18,492—(285).

**Sale — action for price — verdict sustained by evidence.**
   In an action to recover upon a bank check given in payment for certain
   oranges sold by plaintiff to defendant, the defense being that the oranges
   were falsely and fraudulently represented as sound and in good condition,
   it is *held*, that the evidence supports the verdict of the jury, and that the
   record presents no reversible errors.

[1] Reported in 145 N. W. 803.

Action in the district court for Ramsey county to recover $780 upon defendant's check. The defense is stated at the beginning of the opinion. The case was tried before Brill, J., who when plaintiff rested denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John A. Burns,* for appellant.

*T. P. McNamara,* for respondent.

BROWN, C. J.

This action was brought to recover upon a bank check issued to plaintiff in payment of a quantity of oranges sold by plaintiff to defendant. Defendant interposed in defense that plaintiff, at the time of the sale and as a part of the transaction, falsely and fraudulently represented and warranted that the oranges, which were in boxes and in a storage warehouse, were equal in condition and quality with certain samples theretofore exhibited to defendant, that they were not frostbitten and were in good condition; that in reliance upon the representations defendant made the purchase, and gave to plaintiff in payment for the oranges the check in suit. The answer further alleges that before the check had been presented to the bank for payment defendant discovered that the representations were false and untrue, that the oranges had been frozen, and were wholly worthless and of no value; that thereupon defendant stopped payment of the check, and notified plaintiff that the oranges would not be accepted, and that the same, including a number of boxes that had been delivered, were subject to the order of plaintiff. The reply was in substance a general denial. The trial resulted in a verdict for plaintiff, and defendant appealed from an order denying its motion for judgment or a new trial.

The assignments of error present three questions: (1) Whether the verdict is sustained by the evidence; (2) whether the court erred in refusing to instruct the jury that, if the sale of the oranges was

illegal because in violation of the pure food statutes of the state, no recovery could be had; and (3) whether a new trial should have been granted on the ground of newly discovered evidence.

Neither question requires extended discussion. The trial below centered in the main around the questions whether the oranges by reason of their frosted condition were, at the time of the sale, of any value, and whether plaintiff falsely represented them to be in good condition, and equal to the samples theretofore shown to defendant. The evidence made both these questions issues for the jury, and we find in the record sufficient evidence to support the verdict. The trial court approved the verdict and we discover no sufficient reason for interference. The requested instruction to the effect that, if the jury found the sale of oranges to have been in violation of the pure food statutes, no recovery could be had was properly refused for no issue of that kind was presented by the pleadings, and the evidence tending to show the confiscation of the oranges by state authorities was excluded by the court, to which no exception was taken. The sole defense pleaded was a rescission of the contract for the alleged fraud of plaintiff, and if it be conceded that it was not necessary to specially plead the claimed illegality of the transaction, the action of the state authorities in condemning the oranges, which took place some two months after the sale, would not justify the conclusion that they were unfit for food at the time of the sale, thus rendering them the subject of confiscation by the state, and the sale thereof by plaintiff a violation of the statute. The court did not abuse its discretion in denying a new trial on the ground of newly discovered evidence.

Order affirmed.